## Case No. 2,196a.

BURR v. The THOMAS ELWELL.

See Case No. 2,195.

---

BURR (UNITED STATES v.).    See Cases Nos. 14,692, 14,693, and 14,694.

---

## Case No. 2,197.

BURRALL et al. v. RUMSEY et al.

[13 O. G. 123.]

Circuit Court, N. D. New York. Nov. 12, 1877.

PATENTS—PUBLIC USE.

1. A possible difference between a patented device and another known to the trade long before the date of the patent, indicated only by a statement of result in the specification, will not suffice to establish a difference in invention.

2. To establish this diversity it will not do to rely on describing the result attained; the description must show how it can be attained.

In equity. Suit was brought [by Margaret Burrall and others against John A. Rumsey and others] upon letters patent No. 38,002 (William D. Burrall, assignee), granted [to T. D. Burrall] March 24, 1863, for "improvement in corn-shellers." [Bill dismissed.]

WALLACE, District Judge. If the corn-shellers made and sold by the patentee, and in public use more than two years prior to the application for his patent, embody the same invention as that described in the patent, this action cannot be maintained. The patent is for an improvement in corn-shellers, which "consists in the peculiar shape and mode of applying the spring that keeps the ear into the angle formed by the face-plate and feed-wheel, whereby the ear is free to revolve without obstructions, whatever size or shape it may be." The spring is described as "attached to the upper part of the hopper, and so shaped that the shank thereof shall be contained within a recess in the hopper, which commences at the point in the hopper where the spring is attached, and the lower end curved so as to come sufficiently near the angle formed between the face-plate and feed-wheel to press the ear to the shelling operation, the shank remaining in the recess, and not presenting any obstruction to the rotation of an ear in the hopper, even if the same is very crooked, while the end of the spring presses the ear to the shelling operation." The machines made and sold by the patentee many years before the application for the present patent exhibit a spring attached to the hopper, so shaped that the shank is contained within the recess in the hopper, which commences where the spring is attached, and the lower end of the spring is curved so that it comes sufficiently near the angle formed between the face-plate and feed-wheel to press the ear of corn to the shelling apparatus.

The sole question is, does the patent describe a spring or a recess, or both in combination, differing from the construction of the old machine? The drawings do not afford any aid. The old machines embody every feature in the description, except that it may be claimed that the spring does not play into the recess to the same extent. The description does not point out how the spring and recess are to be constructed, severally or in relation to each other, so that the spring will play into the recess in any different manner than in the old machines. It will not do to rely on describing the result attained; the description must show how it can be attained, and that is not done by such generalities as are here indulged in. The specification deals with a spring and recess undistinguishable from those of the old machines, unless it is because they are so constructed "as not to present any obstruction to the rotation of the ear in the hopper." This language describes a result which it has taken the patentee twenty years, according to the proofs, to accomplish, and which, upon his theory, involved not alone mechanical skill but invention to attain it. The bill is dismissed with costs.